IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY O. BARNETT,                    ) | |
|                       Petitioner,       ) | |
|                                   ) | |
|    vs.                                                      ) Civil Action No. 11-480 | |
|                                   ) Magistrate Judge Maureen P. Kelly | |
| RAMON RUSTIN, Warden, THE       ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF PENNSYLVANIA,                       ) | |
|                       Respondents.   ) | |

## OPINION AND ORDER

Petitioner Jeffrey O. Barnett has presented a Petition for Writ of Habeas Corpus against Respondents, Ramon Rustin, Warden, and the Attorney General of the State of Pennsylvania, alleging that he was not aware that his sentence to time served and eight years probation, which was imposed on June 4, 2001, was to run consecutively to any other sentence and that his probationary period should have expired.

On May 6, 2011, this Court issued an Order directing the parties to submit their selection forms indicating their willingness to proceed before a magistrate judge on or before May 23, 2011. ECF No. 9. Petitioner failed to submit the requisite paperwork and on September 2, 2011, this Court issued a second Order advising Petitioner of his failure to file the form and directing that he do so on or before September 23, 2011. ECF No. 12. On October 20, 2011, having failed to receive the selection form, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute which was returnable on November 3, 2011. ECF No. 13. To date, Petitioner has still failed to submit the necessary paperwork. Moreover, the copy of the Order to Show Cause that was sent to Petitioner's address of record, the Allegheny County Jail, was returned indicating that he was no longer incarcerated there.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors demonstrates that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Petitioner's failure to comply with this Court's Orders which weigh heavily against him. Petitioner has had almost seven (7) months to comply with the Court's initial Order requiring him to submit the judicial selection form. Petitioner has not only failed to comply with two additional orders, but has failed to communicate his reasons for his lack of compliance. Moreover, Petitioner has failed to notify the Court of his new address, all of which were his personal responsibility and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Petitioner's failure to comply with this Court's orders -- other than the expense of filing an Answer to the Petition, there appears to be no specific prejudice to Respondents other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Petitioner although review to the Respondents' Answer suggests that Petitioner's claims are not only without merit but are otherwise barred. Nevertheless, "[n]ot all of these factors need

be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Petitioner filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with three Court Orders, including an Order to Show Cause why the case should not be dismissed for failure to prosecute, and has failed to advise the Curt of his whereabouts, it appears that Petitioner has no serious interest in pursuing this case. Dismissal therefore is the most appropriate action for this Court to take since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Accordingly,

AND NOW, this 29th day of November, 2011, IT IS HEREBY ORDERED that Petitioner's Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

/s/Maureen P. Kelly
U.S. Magistrate Judge

cc:   Jeffrey O. Barnett
      # 16208
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219-3100

      All counsel of record via CM/ECF